**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EUGENE SHAPIRO, Individually and on Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>      vs.<br><br>TG THERAPEUTICS, INC., MICHAEL S. WEISS, and SEAN A. POWER,<br><br>                          Defendants | No. 1:22-cv-06106-JSR<br><br>Judge Jed S. Rakoff<br><br><u>CLASS ACTION</u><br><br><u>ORAL ARGUMENT REQUESTED</u> |

**MEMORANDUM OF LAW IN SUPPORT OF BOSTON RETIREMENT
SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
<u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

## **TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ......................................................................................................................... 3

I.      BOSTON SHOULD BE APPOINTED LEAD PLAINTIFF ............................................ 3

      A.      The PSLRA Standard for Appointing Lead Plaintiff................................................ 3

      B.      Boston Is the "Most Adequate Plaintiff" .................................................................. 4

            1.      Boston's Motion Is Timely .......................................................................... 4

            2.      Boston Has a Substantial Financial Interest................................................. 5

            3.      Boston Satisfies Rule 23's Typicality and Adequacy Requirements.......... 5

                  a.      Boston's Claims Are Typical of Those of the Class...................... 6

                  b.      Boston Satisfies the Adequacy Requirement of Rule 23 ............... 7

            4.      Boston Is Precisely the Type of Lead Plaintiff Congress
                  Envisioned When It Passed the PSLRA ...................................................... 8

II.     BOSTON'S SELECTION OF LEAD COUNSEL MERITS APPROVAL ...................... 9

CONCLUSION..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)..................................................................................7, 9

*In re Elan Corp. Sec. Litig.*,
    No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ................................7

*Faig v. Bioscrip, Inc.*,
    No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013)...........................5, 6

*Glauser v. EVCI Career Colls. Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) ...............................................................................2

*Kemp v. Universal Am. Fin. Corp.*,
    No. 05 Civ. 9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) ...................................5

*In re KIT Digital,, Inc. Sec. Litig.*,
    293 F.R.D. 441 (S.D.N.Y. 2013) ..............................................................................8, 9

*Kux-Kardos v. VimpelCom, Ltd.*,
    151 F. Supp. 3d 471 (S.D.N.Y. 2016).........................................................................6

*Micholle v. Ophthotech Corp.*,
    No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018)..........................4, 6, 9

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
    No. CV 09-3007(SJF)(AKT), 2010 WL 3924862 (E.D.N.Y. Aug. 17, 2010) ....................5, 6

*Randall v. Fifth St. Fin. Corp.*,
    No. 15-cv-7759, 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ..................................................5

*Rauch v. Vale S.A.*,
    378 F. Supp. 3d 198 (E.D.N.Y. 2019) .................................................................4, 5, 6, 7

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014).........................................................................8

*In re: Synergy Pharms. Inc. Sec. Litig.*,
    No. 18 Civ. 873 (AMD) (VMS), 2019 WL 6150713 (E.D.N.Y. Nov. 20, 2019)....................9

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
    No. 16-cv-02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016)................................5

**Rules & Statutes**

Fed. R. Civ. P. 23 ................................................................................................ *passim*

15 U.S.C. § 78u-4 *et seq.* ................................................................................... *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
   No. 04-cv-08141 (S.D.N.Y.) ........................................................................... 9

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
   No. 08-md-01963 (S.D.N.Y.) .......................................................................... 9

*In re Fannie Mae 2008 Sec. Litig.*,
   No. 08-cv-07831 (S.D.N.Y.) .......................................................................... 10

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
   No. 09-md-02027 (S.D.N.Y.) ..................................................................... 9, 10

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ........................ 2, 7, 9

S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679 ................................... 2

Proposed Lead Plaintiff Boston Retirement System ("Boston") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of its motion for the entry of an Order: (1) appointing Boston as Lead Plaintiff; (2) approving Boston's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The above-captioned securities class action (the "Action") alleges that TG Therapeutics, Inc. ("TG Therapeutics" or the "Company"), and certain of its executive officers and/or directors (together, "Defendants"), violated Sections 10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5 promulgated thereunder.  The Action has been brought on behalf of all persons who purchased or otherwise acquired TG Therapeutics, Inc. ("TG Therapeutics" or the "Company") securities between January 15, 2020 and May 31, 2022, both dates inclusive (the "Class Period"), and were damaged thereby (the "Class").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made *a prima facie* showing that it is a typical and adequate class representative under Federal Rule of Civil Procedure 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Boston respectfully submits that it should be appointed Lead Plaintiff because it has the "largest financial interest" in this litigation and has made the requisite showing of typicality and adequacy required by the standards of the PSLRA.  As discussed herein, Boston incurred *$1,353,969.03* in losses as calculated on a last-in-first-out ("LIFO") basis because of its

transactions in TG Therapeutics securities during the Class Period.[1]  In light of this significant

loss, Boston has a substantial financial interest in the relief sought by this litigation—an interest

believed to be greater than that of any other qualified movant.

In addition to asserting a substantial financial interest in this litigation, Boston also meets

the typicality and adequacy requirements of Rule 23 because: (i) its claims arise from the same

course of events as those of the other Class members, (ii) it relies on similar legal theories to

prove Defendants' liability, and (iii) it has retained experienced counsel and is committed to

vigorously prosecuting the Action.  Furthermore, the PSLRA's legislative history shows that a

large, sophisticated institutional investor like Boston is precisely the type of investor that

Congress intended to empower to lead securities class action litigation.  *See* H.R. Conf. Rep. No.

104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 6

(1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685; *see also Glauser v. EVCI Career Colls.*

*Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("the PSLRA was passed . . . to increase

the likelihood that institutional investors would serve as lead plaintiffs in actions such as this

one") (citation omitted).

Finally, pursuant to the PSLRA, Boston respectfully requests that the Court approve the

selection of Labaton Sucharow as Lead Counsel for the Class.  *See* 15 U.S.C. § 78u-

4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select

and retain counsel to represent the class.").  Labaton Sucharow is a nationally recognized

---

[1] A copy of the Certification of Boston ("Certification") is attached as Exhibit A to the Declaration of Francis P. McConville ("McConville Decl.").  The Certification sets forth all of Boston's relevant transactions in TG Therapeutics securities during the Class Period.  In addition, a table reflecting the calculation of financial losses sustained by Boston on its relevant Class Period transactions in TG Therapeutics securities ("Loss Analysis") is attached as Exhibit B to the McConville Decl.

securities class action firm that has recovered billions of dollars for the benefit of injured investors, and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Boston respectfully requests that the Court appoint it as Lead Plaintiff for the Class and approve its choice of Lead Counsel.

## ARGUMENT

## I.    BOSTON SHOULD BE APPOINTED LEAD PLAINTIFF

Boston respectfully submits that it should be appointed Lead Plaintiff because it filed the instant motion in a timely manner, has a substantial financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

### A.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).  In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff, (ii) has the largest financial interest in the relief sought by the class, and (iii) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp*., No. 17-CV-210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018) (same); *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 211 (E.D.N.Y. 2019) (same).  Under the framework established by the PSLRA, Boston is the most adequate plaintiff and should be appointed Lead Plaintiff.

**B.**    **Boston Is the "Most Adequate Plaintiff"**

**1.**    **Boston's Motion Is Timely**

Boston filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed action caused notice regarding the pending nature of this case to be published on *Globenewswire*, a widely-circulated, national, business-oriented news wire service, on July 18, 2022.  *See* Notice, McConville Decl., Ex. C. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before September 16, 2022.  Boston filed its motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.  *See Vale S.A.*, 378 F.

Supp. 3d at 207 (finding lead plaintiff motion timely when filed on last day of noticed sixty day period).

### 2.      Boston Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Kemp v. Universal Am. Fin. Corp.*, No. 05 Civ. 9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).

Boston incurred a substantial loss of **$1,353,969.03** on its transactions in TG Therapeutics securities on a LIFO basis during the Class Period.  *See* Loss Analysis, McConville Decl., Ex. B; *see also Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *2 (S.D.N.Y. Dec. 19, 2013) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff").  Accordingly, Boston has a substantial financial interest as a qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, No. 15-cv-7759 (LANK), 2016 WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3.      Boston Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See In re Third Ave. Mgmt. LLC Sec. Litig.*, No. 16-cv-02758 (PKC), 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016); *see also Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV 09-3007(SJF)(AKT), 2010 WL 3924862, at *5 (E.D.N.Y. Aug. 17, 2010) (explaining that the prerequisites for appointment as Lead Plaintiff include satisfaction of the requirements of Rule 23).  "In a PSLRA motion to appoint lead plaintiff, the Court considers only whether the proposed plaintiff has

5

made a 'preliminary showing' that . . . Rule 23's requirements . . . are satisfied." *Vale S.A.*, 378
F. Supp. 3d at 209–10 (quoting *Ford v. Voxx Int'l Corp.*, No. 14-CV-4183, 2015 WL 4393798, at
*3 (E.D.N.Y. July 16, 2015)); *see also Kux-Kardos v. VimpelCom, Ltd.,* 151 F. Supp. 3d 471,
477 (S.D.N.Y. 2016); *Comtech*, 2010 WL 3924862, at *5 (same).  Here, Boston satisfies both
requirements.

a.       **Boston's Claims Are Typical of Those of the Class**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's "claims arise from
the same course of events and each class member makes similar legal arguments to prove
defendant's liability." *Vale S.A.*, 378 F. Supp. 3d at 210 (quoting *In re Symbol Techs., Inc. Sec.
Litig.*, No. 05-CV-3923, 2006 WL 1120619, at *3 (E.D.N.Y. Apr. 26, 2006)).  Rule 23 does not
require the lead plaintiff to be identically situated with all class members.  *See Faig*, 2013 WL
6705045, at *3.

Boston's claims are typical of the claims asserted by the proposed Class.  Like all
members of the Class, Boston alleges that Defendants made material misstatements and
omissions regarding the Company's business, operations, and compliance policies.  Boston, as
did all of the members of the Class, purchased TG Therapeutics securities in reliance on
Defendants' alleged misstatements and omissions and was damaged thereby.  *See Comtech*, 2010
WL 3924862, at *5 (finding typicality satisfied where the plaintiff purchased securities "during
the class period at artificially inflated prices in reliance upon Defendants' misrepresentations in
violation of the Exchange Act, and also . . . incurred damages as a result" thereof).  Because
Boston's claims "arise out of the same course of events" as do the claims of other class members,
the typicality requirement is satisfied.  *Vale S.A.*, 378 F. Supp. 3d at 210; *see also Ophthotech*,
2018 WL 1307285, at *6.

b.       **Boston Satisfies the Adequacy Requirement of Rule 23**

Boston likewise satisfies the adequacy requirement of Rule 23.  The adequacy of

representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes

that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  "In

analyzing the adequacy requirement in the context of appointing lead plaintiff, courts consider:

(1) whether the proposed class counsel is qualified, experienced, and generally able to conduct

the litigation; (2) whether the proposed lead plaintiff has interests that are antagonistic to other

class members; and (3) whether the proposed lead plaintiff and the class possess sufficient

interest to pursue vigorous prosecution of their claims." *Vale S.A.*, 378 F. Supp. 3d at 210

(internal quotation marks and citation omitted); *see also In re Elan Corp. Sec. Litig.*, No. 1:08-

cv-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009).

Boston will fairly and adequately represent the interests of the proposed Class.  Boston

unquestionably has resources sufficient to pursue the above-captioned action to a successful

conclusion.  Boston has also retained counsel highly experienced in prosecuting securities class

actions vigorously and efficiently, *see infra* Section II, and timely submitted its choice to the

Court for approval, in accordance with the PSLRA.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and

(B)(v).  Moreover, as the Third Circuit noted, "one of the best ways for a court to ensure that [the

proposed lead plaintiff] will fairly and adequately represent the interests of the class is to inquire

whether the movant has demonstrated a willingness and ability to . . . negotiate a reasonable

retainer agreement with . . . counsel." *In re Cendant Corp. Litig.*, 264 F.3d 201, 265–66 (3d Cir.

2001).  Here, Boston negotiated a conservative fee agreement with proposed Lead Counsel in

order to best protect the Class should counsel seek fee approval at the conclusion of the Action.

Furthermore, no antagonism exists between Boston's interests and those of the absent

Class members; rather, the interests of Boston and Class members are squarely aligned.  Boston

suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of this action.

Finally, there is no proof that Boston is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Accordingly, Boston satisfies the adequacy requirement.

### 4. Boston Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA

In addition to satisfying the requirements of Rule 23, Boston—a large, sophisticated institutional investor with experience successfully serving as court-appointed lead plaintiff under the PSLRA—is precisely the type of investor Congress envisioned, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").  Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation.  *See id.* at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34.

To this end, many courts, including courts in this District, have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions.  *See, e.g., Reitan v. China Mobile Games & Entm't Grp., Ltd.* ("*China Mobile*"), 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs") (citation omitted); *In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 446

(S.D.N.Y. 2013) (noting the "statutory preference for institutional lead plaintiffs"); *Ophthotech*, 2018 WL 1307285, at *6 (noting that "courts have a preference for appointing institutional investors as lead plaintiffs"); *see also In re: Synergy Pharms. Inc. Sec. Litig.*, No. 18 Civ. 873 (AMD) (VMS), 2019 WL 6150713, at *2 (E.D.N.Y. Nov. 20, 2019) ("The PSLRA's goals were to be achieved by encouraging institutional investors to serve as lead plaintiffs in a single consolidated proceeding.") (citation omitted).

Accordingly, Boston has the sophistication and resources necessary to effectively litigate this matter and supervise Class counsel.

## II.    BOSTON'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant*, 264 F.3d at 276 (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").  Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class."  *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Boston has selected the law firm of Labaton Sucharow to represent the Class. Labaton Sucharow has excelled as lead counsel in numerous actions on behalf of defrauded investors.  For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-08141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors; and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-01963 (S.D.N.Y.), in which the Firm served as co-lead counsel.  Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-

md-02027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members, and secured a $170 million recovery as co-lead counsel in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-07831 (S.D.N.Y.).  Labaton Sucharow presently serves as lead or co-lead counsel in several significant investor class actions.  *See* Labaton Sucharow Firm Resume, McConville Decl., Ex. D.

In light of the foregoing, the Court should approve Boston's selection of Labaton Sucharow as Lead Counsel for the Class.  The Court can be assured that, by approving Boston's choice of counsel, the Class will receive the highest caliber of representation.

## CONCLUSION

For the foregoing reasons, Boston respectfully requests the Court grant its Motion and enter an Order: (1) appointing Boston as Lead Plaintiff; (2) approving Boston's selection of Labaton Sucharow as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

DATED:  September 16, 2022

Respectfully submitted,

*/s/ Francis P. McConville*

Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff*
*Boston Retirement System and*
*Proposed Lead Counsel for the Class*