UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENE SHAPIRO, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>       v.<br><br>TG THERAPEUTICS, INC., MICHAEL S. WEISS, and SEAN A. POWER,<br><br>               Defendants. | Case No.  1:22-cv-06106-JSR |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF WILLIAN D'ANDREA
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT ........................................................................................................................ 5

I.  D'ANDREA SHOULD BE APPOINTED LEAD PLAINTIFF ........................... 5

     A.  D'Andrea Is Willing to Serve as Class Representative .............................. 6

     B.  D'Andrea Has the "Largest Financial Interest" in the Action ................... 7

     C.  D'Andrea Otherwise Satisfies the Requirements of Rule 23..................... 8

     D.  D'Andrea Will Fairly and Adequately Represent the Interests of the
          Class and Is Not Subject to Unique Defenses........................................... 10

II.  LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD
     BE APPROVED ................................................................................................ 11

CONCLUSION..................................................................................................................... 12

TABLE OF AUTHORITIES

Page(s)

Cases

*Aude v. Kobe Steel, Ltd.*,
   No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ..................................8

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
   141 F.R.D. 229, 238 (2d Cir. 1992) .........................................................................................9

*Chahal v. Credit Suisse Grp. AG*,
   No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018)...........................7

*Dookeran v. Xunlei Ltd.*,
   No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) .....................................10

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) ...........................................................................................10

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)......................................................................................................7

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ..................7, 12

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285, 291 (2d Cir. 1992)..............................................................................................9

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ...............................................................................................11

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..........................................................................................7

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) .....................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................................8

*In re Petrobras Securities Litigation*,
   No. 14-cv-09662 (S.D.N.Y.)...................................................................................................11

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 113 (S.D.N.Y. 2010) ..............................................................................................9

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................................8

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ...........................................................................11

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997)......................................7

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) .......................7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) .............................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)............................................................11

**Statutes**

15 U.S.C. § 78u-4 ................................................................................. *passim*

Private Securities Litigation Reform Act of 1995 ................................................. *passim*

Securities Exchange Act of 1934 ................................................................1, 9

**Rules**

Fed. R. Civ. P. 23 ................................................................................. *passim*

Willian D'Andrea ("D'Andrea") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing D'Andrea as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired TG Therapeutics, Inc. ("TG Therapeutics" or the "Company") securities between January 15, 2020 and May 31, 2022, both dates inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

PRELIMINARY STATEMENT

The Complaint in the above-captioned action (the "Action") alleges that Defendants defrauded investors in violation of the Exchange Act. TG Therapeutics investors, including D'Andrea, incurred significant losses following the disclosure of the alleged fraud, which caused TG Therapeutics's share price to fall sharply, damaging D'Andrea and other TG Therapeutics investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, D'Andrea purchased 24,125 shares of TG Therapeutics securities, expended $949,358 on his purchases, retained 13,119 of his shares of TG Therapeutics securities, and, as a result of the disclosures revealing the misrepresentations and/or omissions during the Class Period, incurred losses of approximately $499,644 in connection with his purchases of TG Therapeutics securities. *See* Declaration of Jeremy A. Lieberman in Support of

Motion ("Lieberman Decl."), Exhibit ("Ex.") A.  Accordingly, D'Andrea believes that he has the largest financial interest in the relief sought in the Action.

Beyond his considerable financial interest, D'Andrea also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, D'Andrea has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of investors, as detailed in its firm resume, and is well qualified to serve as Lead Counsel in this Action.

Accordingly, D'Andrea respectfully requests that the Court enter an order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, TG Therapeutics, a commercial stage biopharmaceutical company, focuses on the acquisition, development, and commercialization of novel treatments for B-cell malignancies and autoimmune diseases.  The Company's therapeutic product candidates include Ublituximab, an investigational glycoengineered monoclonal antibody for the treatment of B-cell non-hodgkin lymphoma, chronic lymphocytic leukemia ("CLL"), and relapsing forms of multiple sclerosis; and Umbralisib, or UKONIQ, an oral inhibitor of PI3K-delta and CK1-epsilon for the treatment of CLL, marginal zone lymphoma, and follicular lymphoma.

In January 2020, TG Therapeutics initiated a rolling submission of a New Drug Application ("NDA") to the U.S. Food and Drug Administration ("FDA"), requesting accelerated approval of

Umbralisib as a treatment for patients with previously treated marginal zone lymphoma ("MZL") and follicular lymphoma ("FL") (the "Umbralisib MZL/FL NDA").

In December 2020, TG Therapeutics initiated a rolling submission of a Biologics License Application ("BLA") to the FDA for Ublituximab in combination with Umbralisib (together, "U2"), as a treatment for patients with CLL (the "U2 BLA").

In May 2021, TG Therapeutics submitted a supplemental New Drug Application ("sNDA") for Umbralisib to add an indication for CLL and small lymphocytic lymphoma ("SLL") in combination with Ublituximab (the "U2 sNDA").

In September 2021, TG Therapeutics submitted a BLA to the FDA for Ublituximab as a treatment for patients with relapsing forms of multiple sclerosis ("RMS") (the "Ublituximab RMS BLA").

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) clinical trials revealed significant concerns related to the benefit-risk ratio and overall survival data of Ublituximab and Umbralisib; (ii) accordingly, it was unlikely that the Company would be able to obtain FDA approval of the Umbralisib MZL/FL NDA, the U2 BLA, the U2 sNDA, or the Ublituximab RMS BLA in their current forms; (iii) as a result, the Company had significantly overstated Ublituximab and Umbralisib's clinical and/or commercial prospects; and (iv) therefore, the Company's public statements were materially false and misleading at all relevant times.

On November 30, 2021, TG Therapeutics issued a press release "announc[ing] the U.S. Food and Drug Administration (FDA) has notified the Company that it plans to host a meeting of the Oncologic Drugs Advisory Committee (ODAC) in connection with its review of the pending

Biologics License Application (BLA)/supplemental New Drug Application (sNDA) for the combination of ublituximab and UKONIQ® (umbralisib) (combination referred to as U2) for the treatment of adult patients with chronic lymphocytic leukemia (CLL) and small lymphocytic lymphoma (SLL)." TG Therapeutics advised that "[t]he FDA has notified the Company that potential questions and discussion topics for the ODAC include: the benefit-risk of the U2 combination in the treatment of CLL or SLL, and the benefit-risk of UKONIQ in relapsed/refractory marginal zone lymphoma (MZL) or follicular lymphoma (FL). In addition, as part of the benefit-risk analysis, the overall safety profile of the U2 regimen, including adverse events (serious and Grade 3-4), discontinuations due to adverse events, and dose modifications, is expected to be reviewed", stating that "[t]he FDA's concern giving rise to the ODAC meeting appears to stem from an early analysis of overall survival from the UNITY-CLL trial."

On this news, TG 'Therapeutics' stock price fell $8.16 per share, or 34.93%, to close at $15.20 per share on November 30, 2021.

Then, on April 15, 2022, TG Therapeutics issued a press release "announc[ing] that the Company has voluntarily withdrawn the pending Biologics License Application (BLA)/supplemental New Drug Application (sNDA) for the combination of ublituximab and UKONIQ® (umbralisib) (combination referred to as U2) for the treatment of adult patients with chronic lymphocytic leukemia (CLL) and small lymphocytic lymphoma (SLL)." The press release stated that "[t]he decision to withdraw was based on recently updated overall survival (OS) data from the UNITY-CLL Phase 3 trial that showed an increasing imbalance in OS."

On this news, TG Therapeutics' stock price fell $1.93 per share, or 21.81%, to close at $6.92 per share on April 18, 2022.

Then, on May 31, 2022, TG Therapeutics issued a press release announcing that the FDA extended the Prescription Drug User Fee Act date for Ublituximab to December 28, 2022 "to allow time to review a submission provided by the Company in response to an FDA information request, which the FDA deemed a major amendment."

On this news, TG Therapeutics' stock price fell $0.75 per share, or 14.51%, to close at $4.42 per share on May 31, 2022.

Finally, on June 1, 2022, the FDA announced that, due to safety concerns, it had withdrawn its approval for Umbralisib for the treatment of MZL and FL.  Specifically, the FDA provided that "[u]pdated findings from the UNITY-CLL clinical trial continued to show a possible increased risk of death in patients receiving [UKONIQ].  As a result, we determined the risks of treatment with [UKONIQ] outweigh its benefits."

On this news, TG Therapeutics' stock price fell $0.51 per share, or 11.53%, to close at $3.91 per share on June 1, 2022.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff in the Action and other Class members have suffered significant losses and damages.

ARGUMENT

I.    D'ANDREA SHOULD BE APPOINTED LEAD PLAINTIFF

D'Andrea should be appointed Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Action and otherwise satisfies the requirements of Rule 23.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, D'Andrea satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

A.      D'Andrea Is Willing to Serve as Class Representative

On July 18, 2022, Pomerantz, counsel for the plaintiff in the Action, D'Andrea, caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that a securities class action had been filed against Defendants, and which advised investors in TG Therapeutics securities that they had until September 16, 2022—*i.e.*, 60 days from the date of the PSLRA Notice's publication—to file a motion to be appointed as lead plaintiff.  *See* Lieberman Decl., Ex. B.

D'Andrea has filed the instant motion pursuant to the PSLRA Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, D'Andrea satisfies the first requirement to serve as Lead Plaintiff of the Class.

B.      D'Andrea Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, D'Andrea has the largest financial interest of any TG Therapeutics investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, D'Andrea: (1) purchased 24,125 shares of TG Therapeutics securities; (2) expended $949,358 on his purchases of TG Therapeutics securities; (3) retained 13,119 of his shares of TG Therapeutics securities; and (4) as a result of the disclosures of the fraud, incurred losses of approximately $499,644 in connection with his Class Period purchases of TG Therapeutics securities.  *See* Lieberman Decl., Ex. A.  To the extent that D'Andrea possesses the

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord. In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-*8 (E.D.N.Y. Mar. 2, 2007).

largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

      C.     D'Andrea Otherwise Satisfies the Requirements of Rule 23

      Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

      In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23."  *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.").  Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 WL 1634872, at *3 ("[C]ourts need only consider the typicality and adequacy requirements.").  Here, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including D'Andrea.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

D'Andrea's claims are typical of those of the Class. D'Andrea alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning TG Therapeutics. D'Andrea, as did all Class members, purchased TG Therapeutics securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove TG Therapeutics's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."

*Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, D'Andrea has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between D'Andrea's interests and the interests of the Class. Moreover, D'Andrea has submitted a signed Certification declaring his commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and the significant losses incurred by D'Andrea demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating his adequacy, D'Andrea has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his experience working with counsel, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See id.*, Ex. D.

      D.      D'Andrea Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing D'Andrea as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

      (aa)    will not fairly and adequately protect the interests of the class; or

      (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

D'Andrea's ability and desire to fairly and adequately represent the Class has been discussed above.  D'Andrea is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, D'Andrea should be appointed Lead Plaintiff for the Class.

## II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, D'Andrea has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith.  *See* Lieberman Decl., Ex. E.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, and Tel Aviv, Israel.  *See id.*  For more than 85 years, Pomerantz has represented defrauded investors.  *See id.*  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  *See id.*  Petrobras is part of a long line of record-setting recoveries led by Pomerantz,

including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010.  *See id.*  More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class.  *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, D'Andrea's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously.  Thus, the Court may be assured that by approving D'Andrea's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

CONCLUSION

For the foregoing reasons, D'Andrea respectfully requests that the Court issue an Order: (1) appointing D'Andrea as Lead Plaintiff for the Class; and (2) approving proposed Lead Plaintiff's selection of Pomerantz as Lead Counsel for the Class.

Dated:  September 16, 2022

Respectfully submitted,

POMERANTZ LLP

/s/ Jeremy A. Lieberman
Jeremy A. Lieberman
J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Willian D'Andrea and Proposed Lead Counsel for the Class*

HOLZER & HOLZER, LLC
Corey D. Holzer

(*pro hac vice* application forthcoming)
211 Perimeter Center Parkway
Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com

*Additional Counsel for Willian D'Andrea*