UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENE SHAPIRO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TG THERAPEUTICS, INC., MICHAEL S. WEISS, and SEAN A. POWER,<br><br>Defendants. | Case 1:22-cv-06106-JSR<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION OF THOMAS WILKINSON FOR
APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF COUNSEL**

00710827;V1

## TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ................................................................................................... 1
FACTUAL BACKGROUND.......................................................................................................... 2
ARGUMENT .................................................................................................................................. 5
    I.    THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF......................... 5
        A.    The Procedure Required by the PSLRA ...................................................... 5
        B.    Movant is the Most Adequate Plaintiff......................................................... 6
            1.    Movant's Motion is Timely ................................................................ 6
            2.    Movant Believes He Has the Largest Financial Interest in the Relief Sought by the Class ............................................................................... 7
            3.    Movant Meets the Requirements of Fed. R. Civ. P. 23 ........................ 7
                a.    Movant's Claims Are Typical of Those of the Class..................... 7
                b.    Movant Will Fairly and Adequately Protect the Interests of the Class......... 8
    II.    THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL .................. 9
CONCLUSION............................................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Khunt v. Alibaba Grp. Holding Ltd.*,
  102 F. Supp. 3d 523 (S.D.N.Y. 2015) ................................................................................... 8

*Kukkadapu v. Embraer S.A.*,
  No. 16 CIV. 6277 (RMB), 2016 WL 6820734 (S.D.N.Y. Oct. 20, 2016) ................................ 7

*Topping v. Deloitte Touche Tohmatsu CPA*,
  95 F. Supp. 3d 607 (S.D.N.Y. 2015) ..................................................................................... 7

**Statutes**

15 U.S.C. § 78u-4(a)(2)(A) ......................................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(A)(i) ..................................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ................................................................................................ 6

15 U.S.C. § 78u-4(a)(3)(B) ......................................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(i) ..................................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................................ 5, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .............................................................................................. 6

15 U.S.C. § 78u-4(a)(3)(B)(v) .................................................................................................... 9

Sections 21D(a)(1) and (a)(3)(B) ................................................................................................ 5

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................ passim

Thomas Wilkinson ("Movant") respectfully submits this memorandum of law in support of his motion for: (a) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (b) approval of Movant's selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the litigation.[1]

## PRELIMINARY STATEMENT

Presently pending in this District is the above-captioned securities class action (the "Action") alleging violations of the Exchange Act against Defendants.  The Action was brought on behalf of all those (the "Class") who purchased or otherwise acquired TG Therapeutics, Inc. ("TG" or "TG Therapeutics" or the "Company") securities between January 15, 2020 and May 31, 2022, inclusive (the "Class Period").

Under the PSLRA, a class action complaint alleging violations of the Exchange Act triggers statutory requirements for selecting the most adequate plaintiff to lead the action.  The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Movant satisfies these requirements and should be appointed as Lead Plaintiff in the Action.  First, Movant lost $609,200 from his purchases of TG securities during the Class Period.  Movant believes his losses constitute the largest financial interest in the Action.  Second, Movant satisfies the typicality and adequacy requirements of Fed.

---

[1] Movant is aware of the Court's Individual Practice Rule 2(b), which requires that movants jointly convene a call to the Court prior to making a motion.  Such a call is not possible in connection with this motion because Movant is unaware what, if any, other movants will also make motions for appointment as lead plaintiff.

R. Civ. P. 23 as his claims are typical of the claims of the Class, he has no interests that are antagonistic to the Class, and he will fairly and adequately represent the interests of the Class.

Movant lives in Connecticut and has been investing in the securities markets for 35 years. Movant is the founder and President of Advantage Maintenance, Inc., a company which has provided janitorial and maintenance services to leading businesses in Connecticut since 1986. Movant has experience managing litigation and counsel.  *See generally* Declaration of Thomas Wilkinson filed ("Declaration") as Exhibit D to the Declaration of Joseph R. Seidman, Jr. ("Seidman Decl.").  Additionally, Movant selected experienced and qualified counsel who can adequately represent the Class.

Accordingly, Movant respectfully requests that the Court grant his motion to appoint him as Lead Plaintiff and to approve his selection of Bernstein Liebhard LLP as Lead Counsel.

## FACTUAL BACKGROUND

TG Therapeutics is a commercial stage biopharmaceutical company, focused on the acquisition, development, and commercialization of novel treatments for B-cell malignancies and autoimmune diseases. The Company's product candidates include: (a) Umbralisib, or UKONIQ, an oral inhibitor of PI3K-delta and CK1-epsilon for the treatment of chronic lymphocytic leukemia ("CLL"), marginal zone lymphoma ("MZL"), and follicular lymphoma ("FL"); and (b) Ublituximab, an investigational glycoengineered monoclonal antibody for the treatment of B-cell non-hodgkin lymphoma, CLL, and relapsing forms of multiple sclerosis.

During the Class Period, TG Therapeutics submitted multiple requests with the U.S. Food and Drug Administration ("FDA") seeking approval of its product candidates.  In January 2020, the Company initiated a rolling submission of a New Drug Application ("NDA") to the FDA, requesting accelerated approval of Umbralisib as a treatment for patients with previously-treated MZL and FL (the "Umbralisib MZL/FL NDA").  In December 2020, TG Therapeutics initiated a

rolling submission of a Biologics License Application ("BLA") to the FDA for Ublituximab in combination with Umbralisib (together, "U2") as a treatment for patients with CLL (the "U2 BLA"). In May 2021, TG Therapeutics submitted a supplemental New Drug Application ("sNDA") for Umbralisib to add an indication for CLL and small lymphocytic lymphoma ("SLL") in combination with Ublituximab (the "U2 sNDA").  In September 2021, TG Therapeutics submitted a BLA to the FDA for Ublituximab as a treatment for patients with relapsing forms of multiple sclerosis ("RMS") (the "Ublituximab RMS BLA").

Plaintiff alleges that throughout the Class Period Defendants made materially false and misleading statements and omissions regarding the Company's business, operations, and compliance policies.  Specifically, Defendants made false and misleading statements and/or failed to disclose that: (i) clinical trials revealed significant concerns related to the benefit-risk ratio and overall survival data of Ublituximab and Umbralisib; (ii) accordingly, it was unlikely that the Company would be able to obtain FDA approval of the Umbralisib MZL/FL NDA, the U2 BLA, the U2 sNDA, or the Ublituximab RMS BLA in their current forms; (iii) as a result, the Company had significantly overstated Ublituximab and Umbralisib's clinical and/or commercial prospects; and (iv) therefore, the Company's public statements were materially false and misleading at all relevant times.

On November 30, 2021, TG Therapeutics issued a press release announcing that the FDA notified the Company that "it plans to host a meeting of the Oncologic Drugs Advisory Committee (ODAC) in connection with its review of the pending Biologics License Application (BLA)/supplemental New Drug Application (sNDA)."  Defendants advised that "[t]he FDA's concern giving rise to the ODAC meeting appears to stem from an early analysis of overall

survival from the UNITY-CLL trial." On this news, TG Therapeutics' stock price fell $8.16 per share, or almost 35%, to close at $15.20 per share on November 30, 2021.

On April 15, 2022, TG Therapeutics issued a press release announcing that the Company has "voluntarily withdrawn the pending Biologics License Application (BLA)/supplemental New Drug Application (sNDA) for the combination of ublituximab and UKONIQ (umbralisib)." The press release explained that "[t]he decision to withdraw was based on recently updated overall survival (OS) data from the UNITY-CLL Phase 3 trial that showed an increasing imbalance in OS." On this news, TG Therapeutics' stock price fell $1.93 per share, or nearly 22%, to close at $6.92 per share on April 18, 2022.

On May 31, 2022, TG Therapeutics issued a press release announcing that the FDA extended the Prescription Drug User Fee Act date for Ublituximab to December 28, 2022 "to allow time to review a submission provided by the Company in response to an FDA information request, which the FDA deemed a major amendment." On this news, TG Therapeutics' stock price fell $0.75 per share, or 14.5%, to close at $4.42 per share on May 31, 2022.

On June 1, 2022, the FDA announced that, due to safety concerns, it had withdrawn its approval for Umbralisib for the treatment of MZL and FL. Specifically, the FDA stated that "findings from the UNITY-CLL clinical trial continued to show a possible increased risk of death in patients receiving [Umbralisib]. As a result, we determined the risks of treatment with [Umbralisib] outweigh its benefits." On this news, TG 'Therapeutics' stock price fell $0.51 per share, or 11.5%, to close at $3.91 per share on June 1, 2022.

## ARGUMENT

**I.     THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF**

### A.     The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

   i)     has either filed the complaint or made a motion in response to an Early Notice;

   ii)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

   iii)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Movant meets the foregoing criteria, and therefore is entitled to the presumption of being the most adequate Lead Plaintiff to represent the Class.

### B. Movant is the Most Adequate Plaintiff

Movant respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, he believes that he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

#### 1. Movant's Motion is Timely

On July 18, 2022, the Early Notice was published via a widely circulated national business-oriented wire service. *See* Seidman Decl. Ex. A. Accordingly, putative class members had until September 16, 2022, to file lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

Movant timely filed this motion in response to the Early Notice. Movant also filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review of the complaint in the Action and his willingness to serve as representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Seidman Decl., Ex. B. As such, Movant satisfies the first requirement to serve as Lead Plaintiff.

### 2. Movant Believes He Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant suffered losses of $609,200 in connection with his purchases of TG securities during the Class Period. *See* Seidman Decl., Ex. C. Movant is not aware of any other movant that has suffered greater losses in TG Therapeutics' securities during the Class Period. Accordingly, Movant believes that he has the largest financial interest in this litigation.

### 3. Movant Meets the Requirements of Fed. R. Civ. P. 23

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (emphasis in original). Movant satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id*.

#### a. Movant's Claims Are Typical of Those of the Class

A lead plaintiff movant is typical of other proposed class members under Rule 23 if "its claims…arise from purchases made in reliance on the same alleged misstatements and omissions that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories." *Kukkadapu v. Embraer S.A.*, No. 16 CIV. 6277 (RMB), 2016 WL 6820734, at *2 (S.D.N.Y. Oct. 20, 2016). Movant's claims are typical of the Class in that he suffered the same injury as a result of the same, or substantially the same, course of conduct by

Defendants, and bases his claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether (i) Defendants violated the federal securities laws; and (2) the members of the Class sustained damages and, if so, what is the proper measure of damages. These questions apply equally to Movant as to all members of the Class. Since Movant's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### b. Movant Will Fairly and Adequately Protect the Interests of the Class

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015).

Movant is an adequate Lead Plaintiff. Movant and members of the Class have the same interest: to maximize the recovery from Defendants. Because of Movant's financial stake in the litigation, Class members can be assured that Movant has the incentive to vigorously prosecute the claims. As stated in his Declaration, Movant owns his own business, has experience managing lawyers and litigation, and has been investing for 35 years. *See* Declaration ¶¶1, 5. In sum, Movant is well-suited to serve as lead plaintiff.

Movant also demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has

repeatedly demonstrated its ability to prosecute complex securities class action lawsuits both in this District and nationwide.

## II. THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Seidman Decl., Ex. E (Firm Résumé of Bernstein Liebhard). Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *In re IronNet, Inc. Securities Litigation*, No. 1:22-cv-00449 (E.D.VA.); *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042-LDH-AYS (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240-MCA-MAH (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770-ERK-VMS (E.D.N.Y.).

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country. *The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2012) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint him as Lead Plaintiff for the Action, and all subsequently-filed, related actions; and (2) approve Movant's selection of Bernstein Liebhard as Lead Counsel for the litigation.

Dated: September 16, 2022                              **BERNSTEIN LIEBHARD LLP**

/s/ Joseph R. Seidman, Jr.
_____
Laurence J. Hasson
Joseph R. Seidman, Jr.
Jeffrey R. McEachern
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: lhasson@bernlieb.com
        seidman@bernlieb.com
        jmceachern@bernlieb.com

*Counsel for Movant and Proposed Lead Counsel for the Proposed Class*

## CERTIFICATE OF SERVICE

      I, Joseph R. Seidman, Jr., hereby certify that on September 16, 2022, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: September 16, 2022

<u>/s/ Joseph R. Seidman, Jr.</u>
Joseph R. Seidman, Jr.